**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,    )
                                   )
               vs.              )     Criminal No. 18-35
                                   )
JOSEPH W. NOCITO,         )
                                   )
           Defendant.     )

**OPINION**

I.    <u>Introduction</u>

Pending before the court are: (1) a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) filed by Nocito Enterprises, Inc., Palace Development Co, Inc. and Jonolley Properties, Inc. (collectively, the "Intervenors") (ECF No. 182), with brief in support, and attached exhibits (ECF No. 183)[1]; and (2) Intervenors' Motion for leave to file materials under seal and ex parte (ECF No. 173).

In the motion for leave to file materials under seal, the Intervenors seek leave to file a reply brief in which they quote "Exhibit J," a document that was filed under seal and ex parte (ECF No. 67, Exh. J). The Intervenors seek to file their quotation of Exhibit J under seal to avoid an inadvertent waiver of their claims of attorney-client privilege. In its response (ECF No. 173), the government contends that a reply brief is untimely and unnecessary. The government's response (ECF No. 160) was filed on February 28, 2020, and the Intervenors' motion to file a reply brief was filed on June 17, 2020. The Intervenors

---

[1] The proposed Rule 41(g) motion and supporting materials were originally presented as attachments to an application for intervention (ECF No. 152). The government, in its response, did not contest the Intervenors' right to file a Rule 41(g) motion, but argued that the motion should be denied on the merits (ECF No. 160). The court, accordingly, instructed the Intervenors to file the Rule 41(g) motion and supporting materials as separate docket entries (ECF No. 180).

filed a reply to the government's response (ECF No. 178), pointing out that the delay was due in part to the covid-19 pandemic.  The motions are ripe for decision.

II.      Factual and Procedural Background

The underlying criminal case involves a prosecution for tax fraud against defendant Joseph W. Nocito ("Nocito").  The charges remain pending.  Nocito filed numerous pretrial motions (ECF Nos. 107-115), which remain undecided.  The government filed responses in opposition (ECF Nos. 133-137, 139) and the parties engaged in extensive briefing. Unfortunately, the hearing (which the defense believes should occur in person) has been postponed multiple times due to the covid-19 pandemic.  The parties agreed to toll the Speedy Trial clock during this delay (ECF No. 175).  The hearing is now scheduled for August 25, 2020, but may need to be postponed again.

In October 2018, Nocito filed a motion for discovery of confidential informant materials (ECF No. 45), which the government opposed (ECF No. 56).  After a hearing on February 14, 2019, and additional argument on May 8, 2019, the court issued an opinion and order on June 13, 2019, denying the motion (ECF No. 99). The factual background set forth in the court's June 13, 2019 opinion (ECF No. 99) is incorporated by reference.

In the extensive proceedings conducted with respect to the motion for discovery of confidential informant materials, which involved an alleged intrusion into Nocito's attorney-client privilege, the court considered the government's use of "Exhibit J" during the grand jury proceedings.  Nocito attached Exhibit J under seal and ex parte to several court filings.  The government, through its taint team, separately provided Exhibit J to the court for *in camera* review, although the prosecution team has not reviewed Exhibit J.

There is no need for the Intervenors to provide a quotation of Exhibit J to the court under

seal and ex parte because the court is familiar with that document.

Exhibit J was voluntarily provided to the government by Dennis Sundo

("Sundo"), the secretary and chief financial officer ("CFO") of Automated Health

Systems, Inc. ("AHS").  In the June 13, 2019 opinion, the court described the contents of

Exhibit J as follows:

> This document clearly discloses legal advice given by attorneys.  The
> context, however, given Sundo's and Nocito's roles at AHS and the
> reference to "expense categories," is that the legal advice was given to the
> corporation, not Nocito in his individual capacity.  It appears that the legal
> advice may have been given to Sundo, to be passed on to Nocito.  Sundo is
> asking Nocito for approval to make a journal entry on the company books
> to charge off personal expenses.

(ECF No. 99 at 6 n.8).

There is no indication on the face of Exhibit J that the document belongs to the

Intervenors.  The document is a plain, typed sheet of paper, with no letterhead.  It is

addressed to "Joe" [Nocito] and purports to be from "Denny" [Sundo] (his name is typed,

not handwritten).  The Intervenors recognize that Sundo was an employee of AHS (ECF

No. 183 at 10-11).  The Intervenors had the same corporate address as AHS (ECF No. 183

at 10), but there is no factual assertion that Sundo was working for any of the Intervenors

when he created Exhibit J.

III.   <u>Legal Analysis</u>

a.  General

The Intervenors obviously have access to the contents of Exhibit J, because they

seek leave to quote it to the court (ECF No. 173).  They did not articulate any business

harm resulting from their lack of access to the actual document.  Although the Intevenors request the physical return of Exhibit J, the primary thrust of their argument is that Exhibit J contains legal advice that implicates their attorney-client privileges.  The Intervenors argue that there was a valid co-client relationship and valid community of interest arrangement involving each of the Nocito-related entities (ECF No. 183 at 31-35).  The Intervenors ask the court to enjoin the government from any use (direct or indirect) of the confidential information derived from Exhibit J (ECF No. 183 at 36).

Federal Rule of Criminal Procedure 41(g) provides, in its entirety:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

In 2002, the "motion to return property" provision was re-designated from Rule 41(e) to Rule 41(g) and courts recognize that case law interpreting former Rule 41(e) generally applies to current Rule 41(g).  3A Charles A. Wright, et al., Federal Practice & Procedure Criminal § 690 (4th ed. 2017, April 2020 update).

A motion for return of property may be filed by any person aggrieved by the deprivation of property and the person filing the motion need not be a party to the existing litigation.  Id.  The government does not contest the Intervenors' ability to file a motion for return of property under Rule 41(g).  The court, accordingly, will address the Intervenors' Rule 41(g) motion on the merits.

b.  Evidentiary hearing not necessary

As an initial matter, the court concludes that an evidentiary hearing is not necessary.

Rule 41(g) directs district courts to "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). As explained in *United States v. Emmanuel*, No. 1:10-CR-43-2, 2017 WL 1196505 (M.D. Pa. Mar. 31, 2017), " 'a district court need not necessarily conduct an evidentiary hearing on every Rule 41(g) motion.' " *Id*. at *2 (quoting *United States v. Albinson*, 356 F.3d 278, 281 (3d Cir. 2004)). An evidentiary hearing is not necessary to determine what happened to the property if no disputed issue of fact exists. *Id*. In this case, there are no material factual disputes about what happened to Exhibit J. In addition, the court concludes that a reply brief from Intervenors is not necessary. Although the court has routinely permitted the parties to conduct extensive briefing in this case, reply briefs are disfavored. *See* Chambers Practices and Procedures. https://www.pawd.uscourts.gov/sites/pawd/files/conti_pp.pdf. The Intervenors have submitted several hundred pages of materials and the record is sufficiently developed for resolution of the pending motions.

c.   Return of property

In *United States v. Bein*, 214 F.3d 408 (3d Cir. 2000) (construing the predecessor Rule 41(e)), the court of appeals held that "even though proceedings under [Rule 41(g)] are treated as general equitable actions, [Rule 41(g)] only provides for one express remedy—the return of property." *Id*. at 413. The court explained that courts must strictly construe the waiver of sovereign immunity represented by Rule 41(g). *Id*. at 415. The court reiterated: "Although courts treat a motion pursuant to Rule [41(g)] as a civil equitable action, such a characterization cannot serve as the basis for subjecting the United States to all forms of equitable relief." *Id.* In *Bein*, the court held that the district court lacked jurisdiction over a motion to return property to the extent the claimants sought

damages for property the government destroyed.  *Id.*  at 416.

In *Emmanuel*, the court similarly concluded that the return of property to a specific address "is the only relief for which Rule 41(g) provides."  2017 WL 1196505, at *3 (citing *United States v. Stevens*, 500 F.3d 625, 628 n.3 (7th Cir. 2007) ("The only proper object of a Rule 41(g) motion is recovery of actual property seized.").  The court held that "even if the Government may have improperly destroyed the seized property, there is no remedy available to Emmanuel under Rule 41(g)."  *Id*. at *4.

Rule 41(g) applies only when a person is "aggrieved" by: (1) an unlawful search and seizure; or (2) the "deprivation" of property.  The Intervenors cannot establish that they were aggrieved by an unlawful search and seizure of Exhibit J because that document was voluntarily provided by Sundo to the government.  The Intervenors did not suffer a "deprivation" of Exhibit J because they continue to possess that information, as evidenced by their motion to quote that document to the court.

   d.  Nature of "property"

Because there is no factual support for a deprivation of property, the question of whether the Intervenors' alleged attorney-client privileges in the contents of Exhibit J are the type of "property" that can be recovered pursuant to Rule 41(g) need not be conclusively resolved.  For many years, Rule 41 defined the term "property" to include only tangible objects. 3A Fed. Prac. & Proc. Crim. § 669 (4th ed. April 2020 Update); *but see United States v. New York Tel. Co*., 434 U.S. 159, 169 (1977) ("Rule 41 is not limited to tangible items but is sufficiently flexible to include within its scope electronic intrusions authorized upon a finding of probable cause.").  In 2002, the definition of "property" in Rule 41 was amended to include information, and is now defined to include "books, papers,

any other tangible objects, and information." *Id.* (quoting Fed. R. Crim. P. 41(a)(2)(A)). In the notes to the 2002 amendments, the rules committee described the change as only stylistic. *Id.* The commentators explain that the amendment "brings the Rule formally into line with numerous cases holding that a warrant may issue for auditory or visual information." *Id.*

The Intervenors cite no authority for the proposition that the attorney-client privilege itself constitutes the kind of property interest that would be cognizable under Rule 41 and the court did not locate any such authority in its independent research. *See Zavakos Enterprises, Inc. v. St. Paul Surplus Lines Ins. Co.*, No. 3:04-CV-381, 2005 WL 8162724, at *3 (S.D. Ohio Apr. 6, 2005) (rejecting an argument that the attorney-client privilege is a property right protected by substantive due process); *Zenith Elec. Corp. v. WH-TV Broad. Corp.*, No. 01 C 4366, 2003 WL 21911066, at *2 (N.D. Ill. Aug. 7, 2003) ("attorney-client privilege simply was not a property right that could be sold").

    e.  Injunctive relief

Even assuming, arguendo, that (a) the Intervenors' could establish an attorney-client privilege in the contents of Exhibit J,[2] (b) the information constituting an evidentiary privilege could be viewed as a property interest, and (c) the government destroyed the Intervenors' property interests by accepting the document from Sundo,[3] the Intervenors cannot obtain injunctive relief under Rule 41(g).   The only remedy available under Rule

---

[2] The court previously observed that Nocito did not introduce any documents that formalized the alleged joint defense agreement and rejected Nocito's reliance on *In re Teleglobe Communications Corp.*, 493 F.3d 345 (3d Cir. 2007) (recognizing a joint defense privilege among affiliated corporations) (ECF No. 99 at 4, 16).

[3] The court previously rejected Nocito's argument that the government deliberately intruded into the attorney-client privilege when prosecutors read Exhibit J into the record before the grand jury (ECF No. 99 at 17).

41(g) is the return of the property.

The Intervenors' attempt to invoke Rule 41(g) as a mechanism to enjoin the government and prevent the government's use of Exhibit J is misplaced. Rule 41(g) and the exclusionary rule serve fundamentally different purposes. *United States v. Comprehensive Drug Testing*, 621 F.3d 1162, 1173 (9th Cir. 2010) (Rule 41(g) is concerned with those whose property or privacy interests are impaired by the seizure, whereas suppression applies only to criminal defendants).

The Intervenors may not intervene in this **criminal** case or obtain injunctive relief pursuant to Rules of **Civil** Procedure 24 and 65. This criminal case, Criminal Number 18-35, is governed by the Federal Rules of **Criminal** Procedure. *See* Fed. R. Crim. P. 1 ("These rules govern the procedure in all criminal proceedings in the United States district courts"). The Intervenors' only cognizable claims arise under Federal Rule of Criminal Procedure 41(g).

f.   Final observation

As a final observation, if the court grants a Rule 41(g) motion, it "may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. 41(g). In this case, the Intervenors already have access to the contents of Exhibit J and there is no need to provide the physical document to Intervenors. The government represented that it does not intend to offer Exhibit J as a trial exhibit or solicit privileged communications from witnesses in its case-in-chief. (ECF No. 160 at 8). It is unclear at this stage of the case, however, whether Nocito may open the door to the use of Exhibit J at trial and if he does so the government may need to access and use Exhibit J. When the criminal case is concluded, the Intervenors may seek to renew their motion. *See*

*Emmanuel*, 2017 WL 1196505, at *2 (burden shifts to government after criminal charges are resolved).

IV.    Conclusion

For the reasons set forth above, the Rule 41(g) motion filed by Nocito Enterprises, Inc., Palace Development Co, Inc. and Jonolley Properties, Inc. (collectively, the "Intervenors") (ECF No. 182) will be DENIED; and the Intervenors' Motion for leave to file materials under seal and ex parte (ECF No. 173) will be DENIED AS MOOT.  An appropriate order follows.

Dated:  July 29, 2020                              BY THE COURT:

                                                   /s/ Joy Flowers Conti
                                                   Joy Flowers Conti
                                                   Senior United States District Judge