IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )  Criminal No. 18-35 |
| | ) |
| JOSEPH W. NOCITO, | ) |
| | ) |
| Defendant. | ) |

OPINION

Pending before the court is the motion of the United States to unseal nonprivileged portions of the ex parte conflict of interest colloquy the court held on June 17, 2021, pursuant to Rule 44(c) (ECF No. 235). In response to the motion, the court ordered counsel for defendant Joseph Nocito ("Nocito") to review the transcript and identify portions that should be redacted (ECF No. 239). Nocito contends that the colloquy should remain under seal and ex parte (ECF No. 257). Given the nature of the dispute, Nocito provided materials in connection with his response to the court ex parte.

Factual and Procedural Background

The pending dispute began in December 2020, when the government filed a motion pursuant to Federal Rule of Criminal Procedure 44(c) to investigate whether defense counsel had a possible conflict of interest in representing Nocito and certain Nocito Related Entities (ECF No. 197). The government was not aware of any actual conflict of interest, but contended that a potential conflict may arise because each of the Nocito Related Enterprises may be unindicted coconspirators. Nocito opposed the motion on numerous grounds, including: (1) Rule 44(c) does not apply because this case

involves only one defendant; (2) counsel entered their appearances on behalf of the Nocito Related Enterprises only for the limited purpose of a Rule 41(g) motion (which is treated as a civil matter for equitable relief, i.e., return of property); and (3) the potential conflict of interest cannot occur because the statute of limitations has run.

The court held a hearing.  At the hearing, the government conceded that the Nocito Related Enterprises could not be indicted because the statute of limitations has run.  Government counsel was excused and the court, in the exercise of caution, conducted an ex parte colloquy of Nocito in his individual and representative capacities.  The court explained on the record that the government's Rule 44(c) motion was granted in part, in that the court conducted an inquiry into the potential conflict of interest, and was denied in all other respects.  The court ordered the hearing transcript to be sealed.

The court also granted Nocito's motion for a Rule 502(d) order, providing:

> Any statements made by Joseph W. Nocito in his individual capacity or as a representative of the Intervenors (individually or collectively) during the hearing this day, in response to the court's inquiry into joint representation pursuant to Federal Rule of Criminal Procedure 44(c), shall not constitute a waiver of his or their attorney-client privilege or the attorney work product protection in this litigation or in any other federal or state proceeding.

(ECF No. 215).

Discussion

In its pending motion, the government argues that the court should conduct an in camera review of the sealed, ex parte transcript and order the release of any nonprivileged portions.  In response, Nocito argues that the attorney-client privilege is not the only basis for maintaining the sealed and ex parte nature of the transcript.  Nocito points out that the examination was triggered by the government's Rule 44(c) motion --

which the court found to be without merit; and he reasonably relied on the court's assurance that the examination would be sealed and ex parte when he agreed to answer questions (ECF No. 257). In sum, Nocito suggests that the government is attempting a backdoor tactic to evade his Fifth Amendment right against self-incrimination.

The court could have denied the government's Rule 44(c) motion without conducting an ex parte examination of Nocito. As the court explained on the record, Rule 44(c) does not apply under the facts and circumstances of this single-defendant case. The primary purpose of the ex parte Rule 44(c) colloquy was for the court to assure itself, in an abundance of caution, that there was no potential conflict of interest between Nocito and his attorneys. The government did not articulate a persuasive basis for that colloquy to be unsealed at this time. The government may renew its motion in the event that Nocito raises a conflict of interest argument.

Conclusion

For the reasons set forth above, the government's motion to unseal the Rule 44(c) colloquy (ECF No. 235) will be DENIED without prejudice.

Dated: October 12, 2021          BY THE COURT:

                                 /s/ Joy Flowers Conti
                                 Joy Flowers Conti
                                 Senior United States District Judge