IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal No. 18-35 |
| | ) |
| JOSEPH W. NOCITO, | ) |
| | ) |
| Defendant. | ) |

OPINION

I.   Introduction

Pending before the court is a motion filed on behalf of defendant Joseph W. Nocito ("Nocito") to: (1) reduce sentence; and (2) delay self-reporting to prison (ECF No. 341). The government filed a response in opposition to the motion (ECF No. 346) and Nocito filed a reply (ECF No. 347). The motion is ripe for decision.

II.   Factual and Procedural Background

Nocito pleaded guilty to a lengthy and large tax fraud scheme, involving extensive efforts to mischaracterize the costs to build a family estate, the Villa Noci, as business expenses. The court issued tentative findings and rulings on September 7, 2023 (ECF No. 318). As relevant to the pending motion, the court determined that Nocito's total offense level was 29 and he had a criminal history category of I. The applicable guideline imprisonment range would have been 87 to 108 months, but because the statutorily authorized maximum term of imprisonment was less than the minimum of the applicable guideline range, the guideline term of imprisonment became 60 months. U.S.S.G. §5G1.1(a) (ECF No. 318).

In its tentative findings, the court recognized that the parties entered into a non-

binding plea agreement with certain stipulations which resulted in a lower guideline imprisonment range (37 to 46 months, based on an offense level of 21 and a criminal history score of I). The court accepted the parties' stipulations as an agreed-upon variance to the applicable guideline and agreed to sentence the defendant based upon an advisory guideline range of 37 to 46 months (ECF No. 318). Neither party objected to the court's tentative findings and the court adopted them as its final findings and rulings on the applicable guideline range.

On September 18, 2023, Nocito was sentenced to a term of imprisonment of 12 months and 1 day; 3 years of supervised release, with the first 6 months on home detention; the statutory maximum fine of $250,000; and restitution of $15,824,056, which Nocito paid in full prior to sentencing. The sentence represented a significant downward variance from the advisory guideline range (both as calculated in the presentence report and the stipulated variance range negotiated by the parties). No party appealed.

Nocito requested to self-report to prison and sought a date in January 2024 to enable him to undergo a knee replacement surgery. Nocito was notified on November 2, 2023, that he was to report to FMC Lexington (a medical center) on January 22, 2024, to begin serving his period of incarceration. The pending motion was filed on December 21, 2023. Nocito reports that he cared for his wife after she suffered a fractured foot in October 2023; he elected to postpone his knee replacement surgery until after his prison term is concluded; and he wants to report to prison on April 17, 2024, after his tax returns are filed. Nocito also reports that the mold at his Bucktail property was remediated (ECF No. 341).

2

III.   Discussion

Nocito seeks two related forms of relief. First, he seeks to take advantage of the retroactive amendment to United States Sentencing Guideline ("U.S.S.G.") § 4C1.1, to obtain a new sentence. Second, he seeks a further delay in his self-report date. The government strenuously opposes both requests. The court agrees with the government and will deny Nocito's motion. Because his self-report date is imminent, the court will briefly outline its reasoning.

A. Sentence reduction

Nocito contends that he qualifies for a reduction under U.S.S.G. § 4C1.1 and the commentary to U.S.S.G. § 5C1.1. The government does not contest that Nocito meets the requirements for a reduction to the advisory guideline range under § 4C1.1 and that it retroactively applies. The government argues, however, that Nocito is not entitled to relief because he already received a sentence well below the new range.

The Supreme Court explained this court's limited authority to consider a sentencing reduction based on a retroactive amendment to the guidelines in *Dillon v. United States*, 560 U.S. 817, 826–27 (2010):

> Section 3582(c)(2) instructs a district court to "conside[r] the factors set forth in section 3553(a) to the extent that they are applicable," but it authorizes a reduction on that basis only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"— namely, § 1B1.10. The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).
>
> Following this two-step approach, a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1)

>requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).
>
>Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A).

*Id.* at 826-27. At step two, the court considers whether the § 3553(a) sentencing factors warrant a reduced sentence. *Id.* at 827.

The first step in the analysis is to consider whether a reduction would be consistent with U.S.S.G. §1B1.10, which provides, in relevant part:

(2) Limitation and Prohibition on Extent of Reduction.--

>(A) Limitation.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A). Comment 3 explains that even in a situation in which the court initially sentenced the defendant based on a downward variance, the court's amended sentence cannot be below the low end of the recalculated guideline range. *Id.* cmt. 3 ("the court likewise may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than [the recalculated guideline range]").

In this case, Nocito's actual sentence of 1 year and 1 day in prison was far below his guideline range. The 2-level reduction under § 4C1.1 would result in a total offense level of 27. With criminal history category I, the applicable guideline would remain 60

months (i.e., 70-87 months, but still capped by the 60-month statutory maximum). The amendment to § 4C1.1 does not change Nocito's imprisonment calculation under the guidelines. Even if the court were to reduce the parties' stipulated variance offense level by 2 levels, the result would be a total offense level of 19 and an advisory guideline range of 30-37 months. Accordingly, Nocito's motion fails at step one.

Nocito's reliance on U.S.S.G. § 5C1.1 comment 10(B) is misplaced. That comment provides:

> (B) Departure for Cases Where the Applicable Guideline Range Overstates the Gravity of the Offense.--A departure, including a departure to a sentence other than a sentence of imprisonment, may be appropriate **if the defendant received an adjustment** under § 4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable guideline range overstates the gravity of the offense because the offense of conviction is not a crime of violence or an otherwise serious offense. See 28 U.S.C. 994(j).

U.S.S.G. § 5C1.1 cmt. 10(B) (emphasis added). As explained above, Nocito would not receive an adjustment under § 4C1.1 – his applicable guideline term of imprisonment remains 60 months. In *United States v. Jackson*, 324 F. App'x 153, 155 (3d Cir. 2009), the court explained:

> To be entitled to a reduction of sentence, a defendant's sentencing range must have been lowered by recalculation based on the amended base offense level." *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir.2009) (emphasis in original). Further, "'[t]he term "sentencing range" clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.'" *Id.* (alteration in original) (quoting *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008)). "Therefore, pursuant to the statute, 'if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute.'" *Id.* (quoting *Caraballo*, 552 F.3d at 10).

*Id.* at 155. Here, the amendment to § 4C1.1 would not change the end result of Nocito's

guideline calculation (i.e., 60 months guideline range) and, therefore, he is "ineligible for a sentence reduction." *Id.* at 156. The court does not reach step two of the analysis (i.e., the § 3553 sentencing factors). In sum, the court must adhere to its original sentence.

B. Self-report date

Nocito has had sufficient time to arrange his financial affairs. He was indicted in 2018. He pleaded guilty in 2022. He has known of his reporting date since early November, 2023. The original basis for which the court granted his request to delay reporting (i.e., to undergo knee replacement surgery) is no longer a factor because Nocito elected to postpone that surgery until after he completes his term of imprisonment. Going to prison is unavoidably disruptive, which serves part of its role in providing just punishment and deterrence to criminal activity by Nocito and others. Other convicted felons face similar (or more serious) challenges, for example, arranging for the care of minor children. Nocito did not argue originally for a self-report date after his taxes were due and to now assert that reason is not persuasive.

Any concerns Nocito has about his assigned placement at a medical center must be addressed to the Bureau of Prisons because at this stage, the court lacks jurisdiction to modify his sentence on that basis. *See United States v. Doe*, 564 F.3d 305, 315 (3d Cir. 2009) (superseded on other grounds) ("In providing that sentence reductions must be consistent with applicable Sentencing Commission policy statements, § 3582(c)(2) creates a jurisdictional bar to sentence modification when a retroactive amendment does not have the effect of lowering the Guideline sentence.").

IV.     Conclusion

For the reasons set forth above, Nocito's motion to reduce sentence and delay reporting to prison (ECF #341) will be DENIED.

An appropriate order will be entered.

Dated: January 13, 2024

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge
